The point to be decided is whether the defendant may prove that the indorsement on the writ as to *Page 106 
the time of issuing it is wrong, and that in truth it was issued several months later. The act of 1777, sec. 13, made it the duty of the clerk or attorney issuing original process to mark thereon the day on which the same shall be issued, and this duty is enforced under a heavy penalty. The fact as to the time when a writ issued is all important in cases where the statute of limitations is relied upon, since the action must be commenced or brought within the different periods specified after the cause of action accrues. The plea in this case is that the defendant was not guilty within six months before the issuing of the writ. Then when the writ did issue is the very point in dispute, and I apprehend it never could be the intent of the Legislature to make either the inadvertent or the designed untrue indorsement upon the writ conclusive evidence of the fact.
If the indorsement of the writ has been confined to the clerk alone, the argument would be something stronger in favor of making it conclusive evidence of the time, "for no one can say that a writ was purchased at another time than it bears date, for to aver that it was antedated tends to the discredit of the officer of record." 2 Plow., 492. But this only goes to the mode of redress. The party is not finally concluded by the false date, but may have relief in a summary way. 2 Burr., 966. But it would be an alarming principle to establish that the plaintiff's attorney can prevent the bar of the statute of limitations, and thus finally conclude the defendant by antedating the writ. I am of opinion that the defendant ought to have been permitted to controvert the indorsement on the writ, which is only prima facie evidence against him, and that there should be a new trial.