W. F. WASSON, Sheriff v. R. O. LINSTER and others.

*Sheriff—False Return—Liability of Deputy—Execution of Process—Practice—Issues—Evidence—Deposition.*

1. In an action by a sheriff upon the bond of a deputy (conditioned for the faithful performance of duty and to indemnify the sheriff for his acts and omissions) based upon a judgment rendered in another action

against the sheriff on account of the following false return endorsed upon process by the deputy, "came to hand 1st Sept., 1869, at 11 o'clock ;" defendant not to be found in my county," the falsity in the return upon which the judgment was rendered being the return of " not to be found ;" *It was held*, that in submitting issues to the jury it was not error to exclude an issue offered by the plaintiff sheriff involving the fal-ity of the return generally, but that the proper issue was one in which was involved only the falsity of that part of the return upon which the judgment in the former action against the sheriff was based.

2. In such action, the deputy is not liable even if his return as to the time the process came into his hands was false.

3. In such action, evidence that the plaintiff had had opportunity to serve the process while in his hands and before he had placed it in the hands of the defendant is admissible either as original evidence or in rebuttal of the plaintiff's testimony ; for if the return was false by no act of the defendant after the process came to him but by the prior neglect of the sheriff, there would be no ground of recovery.

4. An officer, notified of the necessity of prompt measures for the execution of process placed in his hands for the arrest of a party, owes the duty, quitting everything else, to make an effort to effect the arrest.

5. Where a sheriff sees the return endorsed upon process by a deputy before the same is delivered into the clerk's office, and with a knowledge of the facts allows the return to be made, it is in law and fact his return, and he cannot hold the bond of the deputy responsible although the return may be false.

6. It is too late to object on the trial of an action to the reading in evidence of a deposition which has been on file for six years without objection or notice of objection, during which time the action had often been continued by counsel and had been removed from one county to another.

(*Kerchner* v. *Reilly*, 72 N. C., 171 ; *Katzenstein* v. *R. & G, R. R. Co.*, 78 N. C., 286, cited and approved.)

CIVIL ACTION removed from Iredell and tried at Spring Term, 1880, of Wilkes Superior Court, before *Buxton, J.*

The case is that on the 31st day of August, 1869, J. T. Long sued out a summons against R. M. Johnson returnable to spring term, 1870, of the superior court of Iredell,

and at the same time an order of arrest returnable to the clerk's office on the 3rd day thereafter, both of which were placed in the hands of the plaintiff (then the sheriff of the county) with directions to execute the same promptly, and he early the next morning, as he alleged, between seven and eight o'clock put the paper in the hands of the defendant (then a deputy sheriff) with similar instructions to be diligent in serving the same.

The defendant returned the process endorsed, " came to hand 1st of September, 1869, at eleven o'clock; *R. M. Johnson not found in my county."* And thereupon said Long instituted a suit against the plaintiff to fall term, 1870, in which a recovery was effected for the penalty of $500 and costs $83, upon the allegation that said return was false, and the plaintiff after paying the same and demanding repayment of the defendant and his sureties, brought this action on the bond of indemnity executed at the time of his appointment as deputy.

Among other things, the defendant by way of defence alleged that the process had been placed in his principal's hands on the evening of the 31st of August with notice to execute the same at once, and that Johnson was on the streets and other public places and in the actual presence of the plaintiff, and that plaintiff kept the same in his hands without executing it, until Johnson getting information thereof made rapid flight so that he could not execute the process when it came to his hands at eleven o'clock on the next morning. At the trial in Wilkes, to which county the case was removed, the parties having disagreed as to the issues to be submitted, the judge framed the following:

1. Did R. O. Linster, Hugh Kelly and Hugh Reynolds execute to plaintiff the bond mentioned in the complaint for the purposes therein set forth?

2. Were the summons and order of arrest in the case of *Long* v. *Johnson* placed by the plaintiff in the hands of the

37

defendant, Linster, as his deputy for service on the said Johnson on the 1st of September, 1869?

3. If so, could the defendant, Linster, by due diligence have executed the same after receipt by him?

4. Is the return on said summons and order of arrest or either of them made by defendant, Linster, to-wit: " R. M. Johnson not to be found in my county," a false return?

5. If said return was false, did plaintiff have knowledge of its falsity, and consent to the return as made by his deputy?

6. Has the plaintiff been damaged by the said false return of his deputy made without his knowledge or consent; and if so, how much?

To these issues the plaintiff objected and proposed the three following as a substitute:

1. Did R. O. Linster, Hugh Kelly, and Hugh Reynolds make and execute the bond named in the plaintiff's complaint?

2. Is the return on the summons and order of arrest, or either of them, sued out by *Long* v. *Johnson,* made by R. O. Linster as deputy sheriff, and is it a false return?

3. Has the plaintiff been damaged, and to what amount?

The issues offered by the plaintiff as a substitute being rejected by the court, the plaintiff excepted, and this exception with others taken in the progress of the trial to the admission of evidence and to the instructions of the court given and refused (of which a more particular mention will be hereafter made) constitute the errors for our consideration on this, the plaintiff's, appeal.

*Mr. D. M. Furches,* for plaintiff.
*Mr. J. M. Clement,* for defendants.

DILLARD, J., after stating the case. Of the issues presented by plaintiff and rejected by the court, the first one is

the same in substance, and nearly so in language, as the first of the series presented by the judge, and its rejection of course can be no cause of complaint by the plaintiff.

The second issue of the plaintiff was properly refused, and the third one depending thereon ought to and did go with it.  The bond sued on is a bond conditioned for the faithful and correct performance of duty by the defendant, Linster, as deputy sheriff, and to indemnify and save harmless the plaintiff against his acts and omissions as such.  And beyond doubt, the plaintiff, if he suffered loss by an act or omission of the defendant in his office, and the defendant on demand failed or refused repayment, could assign the same as a breach of the conditions of the bond declared on, and recover therefor.  But in fixing the amount, the assessment of damages would have to be grounded on the particular act which damnified him and be limited by the loss therefrom, and could not be helped out by any other act or omission for which the plaintiff had not incurred and suffered loss.  The plaintiff in his complaint alleges that he was subjected in the suit of J. T. Long to the penalty of $500, for a false return made by the defendant as his deputy on the summons and order of arrest issued in the action of *Long* v. *Johnson*, and the counsel of plaintiff in his argument before us urges (and to the same purport in his brief) that his second and third issues looked to the establishment of falsity in either or both of the endorsements made by defendant on said process, and to the assessment of damages for either or both, and that by the refusal of his issues he was prejudiced.

A sufficient answer to the exception is, that a transcript of the record of the suit of Long against the plaintiff for the penalty for a false return is not made part of the case, so that we can see for ourselves whether the penalty was claimed for falsity in the memorandum of the time of day when the paper came into the defendant's hands, or in the

return, " R. M. Johnson not found in my county ;" and therefore we have to be bound by the judge's statement, from which it appears that the ground on which the penalty of $500 was claimed and recovery effected against the plaintiff was falsity in the return, *not found*," and not in the notation on the process of the time the process came to hand. Taking this to be so, if the said rejected issues had been received, it would have made it possible for plaintiff to recover damages for a false entry by defendant as to the hour of the day he received the writs, when plaintiff had never been damnified therefor; and we therefore hold the proposed issues of the plaintiff (2 and 3) were too broad, and the rejection of them by the court was not error.

The next exception of plaintiff is to the admission in evidence of the deposition of R. M. Johnson, which was objected to for want of sufficient notice of time and place, want of a sufficient commission, want of a sufficient certificate of qualification of deponent by oath or affirmation, and because of the opening of the deposition without notice, and the absence of any order of the clerk endorsed allowing the same to be read.

The judge in his statement of the case of appeal finds and sends up the fact that the deposition had accompanied the papers from Iredell to Wilkes, to which county the case was removed for trial, and had been on file for six years to the knowledge of both sides, and that the cause had been often continued by consent, and no objection made to the deposition or notice of objection given, until the same was offered to be read in the midst of the trial.

Under the circumstances of the case, without passing on the grounds of objection, *seriatim*, we concur with the judge that they were to be deemed waived, and there was no error in allowing the deposition to be read, on the authority of the cases of *Kerchner* v. *Reilly*, 72 N. C., 171, and *Katzenstein* v. *R. & G. R. R. Co.*, 78 N. C., 286.

In the course of the trial, the plaintiff, deeming it material to show that the falsity of return for which he had been subjected consisted in no particular in his own doings or omissions, while the papers were in his hands, introduced himself as a witness, and testified that the writs came to his hands on the morning of the 1st of September and not on the day before, to-wit, the 31st day of August as had been testified by Mr. Armfield (Long's attorney) and that he had not been with Johnson in the Masonic Lodge on the night of the 31st of August, nor seen him anywhere during the week. And to combat this proof and show an opportunity to plaintiff to execute the writs after they were delivered to him, as testified to by Mr. Armfield, the defendant offered to show and was allowed by the court against the objection of the plaintiff to show by R. M. Allison that plaintiff and Johnson were in the lodge at a meeting on the night of the 31st of August, and the reception of this evidence was excepted to as concerning a matter collateral.

The exculpation of plaintiff from fault, in reference to the facts constituting the return a false one, was material to him and directly involved in his right to recover; for certainly, if the return "*not found*" was false by no act of defendant after the writ came to him, but from a neglect of opportunity in the plaintiff himself to serve them on the occasion of the masonic meeting on the night of the 31st of August when the writs were in his hands, there would be no ground of recovery in the action against the deputy. And the evidence of plaintiff, to the effect that he had not been with Johnson at the lodge, or elsewhere seen him that week, was pertinent to put the untrue fact "*not found*" away from himself, and was essential to his success in the cause.

In this state of things, it seems to us, the testimony of Allison was admissible as original evidence, as tending to show an opportunity for service of the writs, the main ingredient in the falsity of the return in the plaintiff, and

besides was competent as rebutting plaintiff's evidence on that point, the same being a matter not collateral but directly involved and necessary to the main issue in the cause. No fact can be collateral to the issue, which is the only one, or one in a chain of facts, without which no recovery can be had; and it being indispensable to defendant to put the failure of due diligence away from himself, we hold there was no error in the admission of the evidence of Allison.

On the conclusion of the trial, the plaintiff asked the court to charge that if the writ and order of arrest were placed in the hands of the defendant on the morning of the 1st of September, between seven and eight o'clock, as testified to by himself, and defendant had made the return thereon, "came to hand September 1st, 1869, at eleven o'clock," it was a false return and defendant would be liable. His Honor refused so to charge, but in lieu thereof told the jury that. that matter was not the grievance on which the action of Long against the sheriff for false return was grounded, but falsity as contained in the endorsement, "R. M. Johnson not found in my county." The court charged in substance that an officer notified of the necessity of prompt measures to prevent the escape of a party, owed the duty, quitting everything else, to make every effort to effect an arrest, and that if Linster, the defendant, did not so do, then he had no right to return "not found in my county," and the same would be false; and the sheriff having suffered from it the deputy and his sureties would be liable. But if the plaintiff saw the return of his deputy endorsed upon the process before the same was delivered into the clerk's office, and with a knowledge of the facts made no objection and allowed the same to be returned, it was in law and fact his return, and he could not hold the deputy's bond responsible, although the return was false.

There is no error in the refusal of the charge requested by the plaintiff, for the reason that falsity in the entry as

to the time when the writs came to hand, if any, had not damnified the plaintiff and was not a ground on which Long's recovery against the sheriff had been sought, according to the statement of the case by the judge, which in the absence of the record of that action we are to assume to be the fact; and this being so, it was proper not only to have refused an issue as to that matter but also the charge requested, for reasons alleged in passing on plaintiff's exceptions to the refusal of the issues tendered by him.

The charge on the subject of the diligence required of Linster after the process came to his hands, and what would make the return false as to him, and devolve responsibility therefor on him and his sureties, was unexceptionable; and so we are brought to the last clause of His Honor's charge in which he told the jury that if plaintiff saw the return as made out, and knowing all the facts made no objection and allowed it to be delivered to the clerk, it was in law and fact his return and he could not hold the deputy's bond responsible therefor.

The general rule certainly is, that one cannot claim to recover for an injury when he has contributed or consented to the act by another from which the injury comes. Broom's Maxims, 201. And in this case the evidence by plaintiff himself was that he saw the return as made out by the defendant and made no objection to the return, "R. M. Johnson not found in my county," in which consisted the falsity (according to the judge's statement of the case) on which the recovery was sought and effected by Long out of the plaintiff; and if the plaintiff, knowing the diligence that had been used to find Johnson, might have prevented the return in the form in which Linster had drawn it, as he certainly could, and he did not, he in law was assenting to the return as endorsed with its possible liabilities, and he cannot assign the entry thereof by defendant as a breach of his bond. If plaintiff omitted to serve the writs when he

might, as the evidence of Allison tended to show, and turned them over to his deputy when he could not, and afterwards on being subjected to the penalty for a false return were allowed to assign the return of his deputy, which he saw and could have prevented, as a breach of the deputy's bond, it would be to take advantage of his own wrong and shift the burden to innocent shoulders.

We declare our opinion to be that there is no error in the refusal of the charge requested by the plaintiff, nor in that given by the court, and the judgment of the court below must be affirmed.

No error.                                           Affirmed.