D. E. WOODLEY et als. v. J. L. HASSELL et als.

*Ejectment—Possession—Evidence—Fraudulent Conveyance—Intent.*

1. The statute requires that a motion to quash a deposition for irregularity shall be made in writing, and before the trial is begun, and unless the motion is so made, the objection to the deposition is waived.

2. The declarations and acts of a judgment debtor who remains in possession of land after it has been sold under execution and a sheriff's deed executed, are admissible to show agreement between himself and the purchaser at execution sale to defraud his creditors.

3. When there is any evidence to go to the jury, this Court cannot pass on its sufficiency, and when the case on appeal states that there was much evidence on certain question, introduced by both parties, this Court cannot say that there is no evidence to support the verdict.

4. Where the jury finds an *actual fraudulent intent*, the conveyance is void as to creditors, although the fraudulent donee paid for the land with his own money.

5. Where there is a private arrangement between a judgment debtor and a third person, that the latter shall purchase the land of the former at execution sale, and hold it for the benefit of the judgment debtor and to screen it from his creditors, if there is an actual fraudulent intent, other creditors may treat the conveyance by the sheriff to such third person as void, and sell the land under their executions.

6. If the plaintiff in an action of ejectment, gets possession of the land before judgment, if he recover, he is not entitled to a judgment that he recover the possession, but only to one declaring the validity of his title.

(*Kerchner* v. *Riley*, 72 N. C., 171 ; *Katzenstein* v. *The Railroad*, 78 N. C., 286 ; *Wasson* v. *Leinster*, 83 N. C., 575 ; *Hilliard* v. *Phillips*, 81 N. C., 99 ; *Dobson* v. *Erwin*, 1 Dev. & Bat., 569 ; *Morris* v. *Allen*, 10 Ired., 203 ; *Johnson* v. *Swain*, Busb., 335 ; *Thompson* v. *Reed*, 2 Jones, 412 ; *Horton* v. *White*, 84 N. C. 297, cited and approved. *Crews* v. *The Bank*, 77 N. C., 110 ; *Young* v. *Greenlee*, 82 N. C., 346 ; *Black* v. *Justice*, 86 N. C., 504, and *Currie* v. *Clark*, 90 N. C., 355, cited, distinguished and approved).

CIVIL ACTION for the recovery of land, tried before *Shipp,* Judge, and a jury, at Spring Term, 1885, of the Superior Court of TYRRELL county.

The land, which is the subject of controversy, belonged to Daniel Woodley, senior, and was sold in November, 1868, to

John W. Hassell, at the price of $106 by the sheriff of Tyrrell county, under execution issuing upon a decree rendered in the Court of Equity of that county, to satisfy the fees and costs due the officers. The possession afterwards, as before the sale, remained undisturbed in the former owner. In January, 1878, the purchaser, by voluntary deeds, conveyed the premises to said Daniel Woodley and his wife, who were his parents-in-law, for their joint lives and the life of the survivor, and the estate in remainder to his own children, the defendants. Under an execution issuing upon a judgment recovered by Samuel S. Woodley, guardian of Daniel Woodley, junior, against Daniel Woodley, senior, the premises were again exposed to sale, as his property, by the sheriff, who, by deed executed on October 27, 1879, conveyed the same to Daniel Woodley, junior.

A month later, the present action was commenced by the latter against Daniel Woodley, Sr., John W. Hassell and wife Sophia, and their two infant children and donees, John L. Hassell and Mary Hassell; and in his complaint he claims title under the second sale, alleging the first to be fraudulent and void, and demands possession.

During the pendency of the action, the plaintiff died, having devised the land to Sarah F., who, as such devisee, was substituted in his place, as were the present plaintiffs, her children and heirs-at-law, in her's, upon her subsequent death and intestacy. At Spring Term, 1881, an order was entered appointing said John W. Hassell guardian *ad litem* to the two infant defendants, who having died without putting in an answer for them, Thomas L. Jones, was appointed in his place, and on behalf of said infants, answered the complaint, adopting the answer of the deceased defendant, and alleging that since the institution of the suit, the original plaintiff had entered into possession of the land, and continued to hold it up to his death, as had the plaintiffs, his heirs, since.

This allegation is not controverted or noticed, and at Spring Term, 1885, the cause came on for trial, upon issues submitted to the jury, whose responses affirm the following propositions:

I. John W. Hassell bought the land at the sheriff's sale, for Daniel Woodley, senior.

II. It was purchased under a previous agreement between them, for the purpose of delaying, hindering and defrauding the creditors of the latter.

III. Daniel Woodley, Sr., was at that time insolvent, and in the same condition at the date of the two deeds from John W. Hassell.

IV. If a trust was created under said agreement, it was satisfied by the execution of said deeds.

Upon the issue of fraud, the plaintiff, after objection made and overruled, read in evidence the deposition of Daniel Woodley, senior, and also proved declarations and acts of his while in possession, tending to show the purchase to have been made for him.

The objection to the deposition, taken at the trial, was, that the infant defendants had no guardian *ad litem* to represent them when it was taken, and that it was, as to them, taken *ex parte*.

There was a judgment on the verdict for the plaintiffs, and the defendants appealed.

*Mr. W. D. Pruden,* for the plaintiffs.
*Mr. E. C. Smith,* for the defendants.

SMITH, C. J. (after stating the facts). I. The deposition was taken on December 22, 1880, under a mutual order for taking depositions *de bene esse*, after notice directed to all the defendants, service of which was accepted by their attorney of record, and they were represented by counsel on the occasion.

II. The statute requires a motion to be made before the trial is entered upon for the rejection of a deposition, " for irregularity in the taking of it, in whole or in part, for scandal, impertinence, the incompetency of the testimony, for insufficient notice, or for any other good cause," but the exception must be stated in writing. The Code, §1361. Here the deposition seems to have

lain in the office, among the records in the cause, for several years.

This is a waiver of the objection. *Kerchner* v. *Riley*, 72 N. C., 171; *Katzenstein* v. *R. & G. R. R. Co.*, 78 N. C., 286; *Wasson* v. *Leinster*, 83 N. C., 575.

III. The admission of the declarations and acts of the defendant in execution, remaining in possession after the sale, in the use and enjoyment of the property as before, is within the ruling in *Hilliard* v. *Phillips*, 81 N. C., 99.

IV. The defendants further excepted to the sufficiency of the evidence to show fraud, and to so much of the ruling as declared the sheriff's deed to the first purchaser, under whom they claim, inoperative and void upon the finding of the second issue.

The case states, that there was much evidence on the question of fraud, other than such as is set out, introduced by both parties. This precludes an inquiry into the sufficiency of the evidence to warrant the finding, if we were at liberty to consider it, and certainly we cannot say, in presence of what is stated in the case, that there was none. The only fraud assigned and established by the verdict, consists in the private arrangement between the judgment debtor and his son-in-law, Hassell, by which the property was to be bought by the latter for his benefit, and this was done to screen the property from other creditors, and for the benefit of the former. The sale itself is not assailed for unfairness in the manner of conducting it, or in repressing the bidding, that the property should not sell for its value, or that any improper practice was pursued to obtain an unfair advantage in the purchase. It is not our province to say whether such an arrangement should be allowed to vitiate the sale, and prevent the transfer of the legal title, as against other creditors, but the jury superadd the further finding that this was not only to secure a home for the debtor, but had the positive covinous intent of defrauding other creditors of the debtor.

When this vitiating element—an actual fraudulent intent—enters into the transaction, even though the purchase money

comes from the bidder, its effect in law is to annul the sale, and leave the property accessible to the final process of another creditor in the enforcement of his debt. This is decided in the cases of *Dobson* v. *Erwin*, 1 Dev. & Bat., 569, and *Morris* v. *Allen*, 10 Ired., 203.

In the latter case RUFFIN, C. J., uses this language: " In the case of *Dobson* v. *Erwin*, it was held, that if the debtor advance the money, or a considerable part of it, to make the purchase at the sale of the sheriff, and the purchase was made for his own use, *that was a fraud, which would avoid the title,* although the sale was at the instance of another, and for a just debt. For in such case, the sale though in form that of the sheriff, is by the contrivance of the debtor and the purchaser, and in respect of their fraudulent purpose, substantially as much a sale *inter partes,* as if there had been no intervention of the sheriff. It is the same thing precisely, although all the money paid to the sheriff, be advanced by the person to whom he makes the deed, provided only *there be the same intent in each case to cheat creditors."*

We were at first somewhat at a loss to reconcile this ruling with that made in *Crews* v. *Bank,* 77 N. C., 110, and in others following it— *Young* v. *Greenlee,* 82 N. C., 346; *Black* v. *Justice,* 86 N. C., 504, and *Currie* v. *Clark,* 90 N. C., 355—wherein it is held that a sale by the sheriff, when there has been a fraudulent suppression of bidding, in which the purchaser participated, is not absolutely void, though the sale may be impeached and a re-sale obtained, by a proceeding directed to that end, instituted by an injured creditor. But these cases relate to combinations to prevent a fair sale, and to secure the property at an under-value, which is a direct injury to the owner or to the creditor, by diminishing the value of property looked to for the payment of debts, and lacks the distinguishing ingredient found in the other cases, to-wit, a pre-conceived purpose and plan, not only to secure the estate to the debtor, but in doing this to cheat and defraud other creditors, in which the debtor is an active participant.

11

As the allegation is that the plaintiffs have sought a remedy for themselves by entering upon the land and holding possession, and this is not controverted, we must assume such to be the fact. Hence this self-sought redress destroys the primary and principal cause of action, and no judgment for a possession already had can be given. *Johnson* v. *Swain,* Bush., 335; *Thompson* v. *Reed,* 2 Jones, 412; *Horton* v. *White,* 84 N. C., 297.

The plaintiffs are entitled to judgment declaring the validity of their title and the nullity of the deed from the sheriff to their donor, but not for any defacement of the registry of said deeds, and not to an inquiry into rents and profits, since the present plaintiffs have had the occupation ever since their title accrued by the death of their ancestor.

.There is no error in the ruling, and the judgment reformed in the manner directed will be here entered for the plaintiffs, and for their costs.

No error.　　　　　　　　　　　　　　　　　　Affirmed.