BRITTAIN v. HITCHCOCK.

(December 22, 1900.)

*Depositions—Objections—Time—The Code, Sec. 1361.*

Objection to a deposition must be made in writing and before the trial.

DOUGLAS, J., *dubitante.*

CIVIL ACTION by M. L. Brittain against Martha T. Hitchcock, heard by Judge *Thomas A. McNeill* and a jury, at Spring Term, 1900, of CHEROKEE Superior Court. From judgment for plaintiff, the defendant appealed.

*Dillard & Bell,* for the plaintiff.
*R. C. Cooper,* and *E. B. Norvell,* for the defendant.

FAIRCLOTH, C. J. This is an action on contract for board. The account is denied, and counter-claims are pleaded. On notice, the defendant took the depositions of defendant and others in California in September, 1896. The commissioner certified that he took the depositions pursuant to his commission on September 25, 1896. On the envelope containing the depositions was indorsed on September 26th: "To the Clerk of the Superior Court of Cherokee County, North Carolina, Murphy, N. C. In the Superior Court of Cherokee County, State of North Carolina. M. L. Brittain, plaintiff, against Martha T. Hitchcock. Deposition on part of defendant." The envelope had been torn open by some one. There was no evidence offered to show how long said depositions had been on file, or by whom or when they were opened, nor had their regularity been passed upon by anyone. The then Clerk of the Court died before the trial. When the plaintiff rested his case, the defendant offered in evidence

said depositions.   Plaintiff objected, on the ground that they had not been opened and passed upon by the Clerk or the Court after proper notice.   The Court sustained the objection, and defendant excepted.   This was error.   Depositions may be rejected by any party on motion in writing at any time before the trial.   Code, sec. 1361.   Referring to this statute, the Court said: "This provision is a very useful one.   Its obvious purpose is to prevent surprise at trials.   It does not appear that the deposition was formally passed upon, but there was no motion by defendant to suppress it for irregularity, and when a deposition lies on file for a reasonable time up to trial, without objection, it must be presumed to have been passed on, and all objections for irregularity are waived."   *Kerchner v. Reilly,* 72 N. C., 171.   This was followed in *Wasson v. Linster,* 83 N. C., 575; *Woodley v. Hassell,* 94 N. C., 157, and others.

Another exception was made in the course of the trial, but, as that may be materially affected by the reading of the depositions, we will express no opinion on it.

New trial.

DOUGLAS, *dubitante.*