WOMACK v. GROSS.

(Filed May 11, 1904).

1. DEPOSITIONS—*Exceptions and Objections—Waiver—The Code, secs. 1360, 1361.*

> The failure to insert the name of the commissioner in the commission to take the deposition is waived by the objecting party appearing at the taking of the deposition and making no objection thereto until after the trial was begun.

2. DEPOSITIONS—*Admissions—The Code, sec. 1358.*

> Where a deposition is rejected *in limine* for the reason that the name of the commissioner was not in the commission, it is not incumbent on the party offering the deposition to show why it should be admitted.

3. APPEAL—*Depositions—Admissions.*

> An agreement by an appellee that a deposition should not be sent up in the case on appeal because not material to the decision, is an admission that a failure to send it up should not be prejudicial to the appellant, and in effect that the rejected evidence was material if wrongly rejected.

ACTION by Q. L. Womack against J. C. Gross, heard by *Judge E. B. Jones,* at January (Special) Term, 1904, of the Superior Court of RUTHERFORD County. From a judgment for the plaintiff, the defendant appealed.

*McBrayer & Justice,* for the plaintiff.
*Eaves & Rucker,* for the defendant.

CLARK, C. J. On objection by the plaintiff the Court refused to permit the deposition of Susan Gross to be read in evidence, on the ground that the name of the commissioner was not inserted in the commission. The defendant excepted. The commission was properly signed, sealed and issued, and

the plaintiff accepted service of the notice, which stated the time and place at which the deposition would be taken and the name of the commissioner. Before said commissioner the plaintiff appeared without exception and cross-examined the witness. The deposition was taken November 21, 1903, and the trial took place January 25, 1904. There was no exception to the deposition till after the trial began.

The Code, section 1361, provides how and when an objection on account of irregularity may be made. Section 1360 provides that no deposition shall be quashed for irregularity after a trial begins, where the deposition has been filed sufficiently long before the trial to permit objection to be made sooner. The irregularity in failing to fill in the name of the commissioner to whom the commission was issued, and who duly took and returned the deposition, was waived by the plaintiff appearing before him by counsel without exception and cross-examining the witness, and by not making any exception till after the trial was begun. *Willeford v. Bailey,* 132 N. C., 403, where the commissioner was not named in the notice; *Davison v. Land Co.,* 118 N. C., 369, where the commission was neither signed nor sealed; *Carroll v. Hodges,* 98 N. C., 419; *Woodley v. Hassell,* 94 N. C., 159; *Barnhardt v. Smith,* 86 N. C., 480; *Kerchner v. Reilly,* 72 N. C., 173.

The deposition having been rejected *in limine* for the reason given, it was not incumbent upon the defendant to put in evidence grounds under section 1358 for its admission, for that would have been a vain thing to do after the deposition had been already rejected as invalid. It is also true that when evidence is rejected, the party offering it should state its purport or send it up if written (as a deposition), that the Court may see that it was competent and relevant and that its rejection was injurious and not merely harmless error. *Straus v. Beardsley,* 79 N. C., 59. But the agree-

ment of the appellee that the deposition should not be sent up "because not material to the decision," is an admission that failure to send it up should not be prejudicial to the appellant, and in effect that the rejected evidence was material if wrongly rejected.

For the error in rejecting the deposition, there must be a New Trial.

DOUGLAS, J., concurring. I concur in the opinion of the Court upon the ground therein stated that "There was no exception to the deposition till after the trial began." I am very much influenced in this view by the reasoning of the Court in *Shutte v. Thompson,* 82 U. S., 151, where the deposition was taken before an officer not authorized by law. The Court said, on page 159: "It is to be observed that the objections made are all formal rather than substantial. Still they are quite sufficient to require the rejection of the deposition if there is nothing in the case to countervail their effect. But it is obvious that all the provisions made in the statute respecting notice to the adverse party, the oath of the witness, the reasons for making the deposition, and the rank or character of the magistrate authorized to take it, were introduced for the protection of the party against whom the testimony of the witness is intended to be used. It is not to be doubted that he may waive them. A party may waive any provision, either of a contract or of a statute, intended for his benefit. If therefore it appears that the plaintiff in error did waive his right under the act of Congress, if he did practically consent that the deposition should be taken and returned to the Court as it was, and if by his waiver he has misled his antagonist, if he refrained from making objections known to him at a time when they might have been removed, and until after the possibility of such removal had ceased, he ought not to be

permitted to raise the objections at all.  If he may, he is allowed to avail himself of what is substantially a fraud. Parties to suits at law may assert their rights to the fullest extent, but neither a plaintiff nor a defendant is at liberty to deceive, either actively or passively, his adversary, and a court whose province it is to administer justice will take care that on the trial of every cause neither party shall reap any advantage from his own fraud."

In the case at bar it appears that the deposition was taken on the 21st day of November and that the trial took place on the 25th day of the following January.  This apparently gave the plaintiff ample opportunity to examine the deposition and object to any irregularity of form or substance.  I do not mean to say that a failure to object in proper time would validate a blank commission.  Merely formal irregularities may be cured and substantial rights may be waived, but it is impossible to validate that which has no legal existence.  The plaintiff's conduct does not have the legal effect of *creating* a commissioner, but is construed by the Court, in the furtherance of substantial justice, into a consent to the taking of the deposition under the circumstances under which it was taken.  By withholding all objection when he knew the facts or by reasonable diligence might have known them, until it was too late to remedy defects which might otherwise have been remedied, he is deemed to have acquiesced.  A void commission is essentially different from a defect in notice.  The only object in the latter is to give the opposite party a reasonable opportunity of attending.  If he actually attends and proceeds with the examination the object of the notice is attained.  This is not so with other irregularities, which he generally has no means of knowing until after he does attend.  Hence his attendance is not necessarily a waiver as to them, but even then he should assert his right

of objection in good faith and in due time. This seems to
be the essential principle aimed at by section 1360 and 1361
of The Code.