JOSEPH L. CARSON, Adm'r, *v.* COLUMBUS MILLS.

It is too late to object to the reading of a deposition, after a trial has begun, merely on account of irregularity in the taking of it, provided, it shall appear that the party objecting, had notice of its being taken, or had notice that it had been taken, and was on file long enough before the trial to enable him to present the objection.

This was a CIVIL ACTION on the trial of which, at the last term of the Superior Court of RUTHERFORD, before his Honor, *Logan, J.,* the defendant offered the deposition of Susan Stovall, to the reading of which, the plaintiff objected on account of irrugularities in the taking of it. The objection was sustained by the Court, and the deposition was rejected, and the defendant appealed.

*W. P. Bynum,* for the defendant.
*Hargrove* and *Argo & Harris,* for the plaintiff.

PEARSON, C. J. Assuming the irregularities in reference to the deposition which were pointed out by the counsel, we are of opinion that the objections are waived, not being taken in apt time. "Good matter must be taken advantage of in due form, proper order, and in apt time." This is a rule of practice, and in our case full force is given to it by the Act 1869–'70, chap. 227, sec. 12, which covers the case.

" No deposition shall be quashed or rejected on objection first made after a trial has begun, merely because of an irregularity in taking the same," "provided, it shall appear that the party objecting either had notice of its being taken as herein prescribed or had notice that it had been taken, and was on file long enough before the trial to enable him to present the objection as presented in the next section."

Here there was ample proof of such notice.

There was error in ruling out the deposition of Susan Stovall.

PER CURIAM.                                   *Venire de novo.*

NOTE BY THE REPORTER: The Act of 1869-'70, chap. 227, which was ratified the 28th of March, 1870, was repealed by the Act of 1871-'73, ratified the 8th of February, 1872, and the provisions of the Revised Code, chap. 31, in relation to the taking of depositions, were re-enacted, but the deposition in the above case was taken the 1st day of June, 1871, when the Act of 1869-'70, chap. 227, was in force.