EMIL KATZENSTEIN v. THE RALEIGH & GASTON RAIL-ROAD
COMPANY.

*Action Against Rail-Road Company--Service of Process--Local Agent
--Deposition.*

1. In an action against a rail-road company, service of the summons upon a local agent of the company is sufficient to bring the defendant into Court.

2. Where, in such case, notice of another proceeding in the action was served upon such local agent; *It was held* to be sufficient, in the absence of any allegation that thereby any injustice had befallen the defendant.

3. No objection can be made to a deposition taken in an action, for any irregularity in taking the same, after the trial has begun ; such objection should be taken by motion to quash the deposition before the commencement of the trial.

   ( *Carson* v. *Miller,* 69 N. C. 32, cited and approved.)

CIVIL ACTION, tried on appeal from a Justice's Court at Spring Term, 1877, of WARREN Superior Court, before *Buxton, J.*

This action was brought to recover the value of certain goods delivered by the plaintiff to the defendant company, and consigned to Belcher, Parks & Co., of New York, in which it was alleged that defendant failed to safely deliver the same as agreed upon. To prove the allegations in the complaint, the plaintiff offered in addition to other evidence certain depositions taken in New York, and the defendant objected to the evidence upon the ground that the notice of taking the depositions was insufficient, in that, it was served on O. P. Shell, the local agent of the defendant at Warrenton depot, upon whom the original summons in the action had been served, and insisted that the same should have been served on the President, or Superintendent, or a Director of the Company. Objection overruled. Verdict and judgment for plaintiff. Appeal by defendant.

KATZENSTEIN *v.* R. & G. R. R. Co.

*Messrs. C. A. Cook,* and *Moore & Gatling,* for plaintiff.
*Messrs. J. B. Batchelor,* and *L. C. Edwards,* for defendant.

FAIRCLOTH, J. On the trial of this action, the defendant objected to the admission of certain depositions as evidence for the plaintiff, on the ground that notice of taking such depositions was served upon the local agent of defendant, at Warrenton Depot, upon whom the original summons in the action had been served, and insisted that the notice should have been served on the President or Superintendent of the Company, or one of its Directors, and this is the only exception.

The service of the summons on the local agent was sufficient for an action in the Superior Court, C. C. P. § 82. (1) Acts 1874–'75, ch. 168; and these provisions, in regard to the service of process upon corporations, apply to Justices' Courts. Bat. Rev. ch. 63 Rule XV.

If service on such agent was sufficient to bring the defendant into Court, it would seem clear that notice of any proceeding *in* the action on the same agent, would suffice, in the absence of any allegation that thereby any injustice has befallen the defendant. We assume that the deposition was taken after the Justice's trial, and before the trial term of the Superior Court, and that the objection was first raised to the deposition during the trial, and not by a motion to quash the deposition before the trial began. If we are wrong in these respects, it is because we are not better informed by the record, nor by counsel in their argument.

In this view of the fact, the objection comes too late. " No deposition shall be quashed or rejected on objection first made after a trial has begun, merely because of an irregularity in taking the same, provided it shall appear that the party objecting either had the notice of its being taken as herein prescribed, or had notice that it had been taken, and

was on file long enough before the trial, to enable him to present the objection as prescribed in the next section. At any time before any action or proceeding has begun, any party may move the Judge to reject a deposition for irregularity in the taking of it, or the whole, or any part of it, for * * * or for any other sufficient cause." Acts 1869–'70, ch. 227, §§ 12, 13. The same point was decided in *Carson* v. *Mills*, 69 N. C. 32.

No error.

PER CURIAM.                              Judgment affirmed.