GEORGE A. SPARROW v. JOHN H. BLOUNT.

*Witness, deposition of.*

1. The deposition of a witness who lives more than seventy miles from the place where the court is held, though not under subpœna (act of 1881, ch. 279), may be read in evidence, subject to proper exceptions taken before entering upon the trial; but the opposite party may show that he lives within seventy miles of the court, in which case the deposition cannot be read. There was no statute requiring such witness to be under subpœna at the time the depositions in this case were taken.

2. But now, it is provided that depositions may be taken "if the witness has been duly summoned." The Code, ₵1358, sub-sec. 9.

(*Barnhart* v. *Smith*, 86 N. C., 473 ; *Kea* v. *Robeson*, 4 Ired. Eq., 427 ; *Beasely* v. *Downey*, 10 Ired., 284 ; *Carson* v. *Mills*, 69 N. C., 32 ; *Katzenstein* v. *Railroad*, 78 N. C., 286, cited and approved).

Civil Action tried at Fall Term, 1883, of Chowan Superior Court, before *Avery, J.*

This is an action in nature of *quo warranto*, brought by the people of the state upon the relation of George A. Sparrow against John H. Blount, to try title to the office of solicitor of the first judicial district.

The facts relating to the point decided by this court are in substance as follows : The plaintiff relator offered several depositions of witnesses taken before the clerk of the superior court of Pamlico county, acting as commissioner under order of court, and appointed at the instance of the defendant, without requiring written notice from the plaintiff. The depositions were offered to prove, among other things, that the vote of a certain precinct was returned to the board of county canvassers as required by law, and that on the return the plaintiff received a majority of sixty-nine votes. The certificate of the commissioner is as follows : "The following depositions were taken on this the 23d day of May, 1883, by the consent of the parties to the above cause, to be read as evidence in such cause now pend-

ing in Chowan county." Then come the depositions, and the official signature and seal of the clerk.

The defendant stated that the notice was from himself to the plaintiff to take depositions on Friday, and at the request of the plaintiff he agreed that the depositions of the witness, whose depositions were offered, might be taken on Wednesday instead of Friday, and that he would take no advantage of want of notice from plaintiff. The defendant was present and cross-examined the witnesses.

On the trial the defendant objected to the reading of the depositions, for that, the witnesses examined were not under *subpœna* (which was admitted), and that under the act of 1881, ch. 279, §2, the deposition of a witness could only be read *de bene esse*, and that the service of a *subpœna* was necessary to constitute one a witness. The court sustained the objection, and the plaintiff suffered a nonsuit and appealed.

*Mr. William A. Moore,* for plaintiff.
*Messrs. Pruden & Bunch* and *R. B. Peebles,* for defendant.

MERRIMON, J.   We think the court erred in rejecting the deposition of witnesses residing more than seventy-five miles from the place where the court was sitting to try the action, upon the ground that such witnesses were not under *subpœna.*

Although it does not distinctly appear in the record, that the witnesses resided more than that distance from the place where the court was sitting, the counsel on both sides in their printed briefs, take it that they did, and we must take the fact so to be.

The purpose of the statute, Acts 1881, ch. 279, §§2. and 3, was plainly to save the inconvenience and cost of taking witnesses to a greater distance than seventy-five miles to testify in cases pending in court, unless the party desiring the testimony of the witnesses shall see fit to summon him to attend the court and testify in person.

A party *may* take the deposition; he is not obliged to do so;

SPARROW v. BLOUNT.

it is optional with him whether he will or not; if he shall do so, and offers to read it on the trial, and proves or it is admitted by the opposing party, as in this case, that the witness resides more than seventy-five miles from the court, it must, under the statute cited above, be read, subject to all proper exceptions taken in apt time.

Men ordinarily stay at their home, and there arises a presumption that the witness whose deposition is offered is at his home at that time, if it then appears that he lives a greater distance than that from the court. The law does not require that the party offering the deposition shall show positively that the witness was at home, or at a greater distance, at the moment the deposition was offered; this would ordinarily be practically impossible. The opposing party may, however, show that the witness is within seventy-five miles of the court, and if he shall do so, the deposition cannot be read. In that case the plaintiff must introduce the witness, or proceed with the trial, without the benefit of the deposition, or submit to such just terms as the court might impose as to a continuance and costs.

A party is not bound to summon his witnesses in any case. It is optional with him whether he will or not. He may rely on the witness to attend without the service of a *subpœna*. Wherefore shall he summon his witnesses, unless he sees fit to do so? Whether he will or not is his own matter. It is his own peril and may be his disadvantage if he will not—not that of his opponent. There was no express statutory provision at the time the depositions in question were taken, that required the witnesses to be under *subpœna* to attend the court, and there was no such necessity, arising under the statute allowing the depositions to be taken, for their being under *subpœna* as warranted an implication to that effect. It concerned the party offering the depositions, to entitle himself to read them by showing all the necessary prerequisites.

In this case it was admitted that the witnesses, whose depositions were offered and rejected on the trial, lived more than

seventy-five miles from where the court was sitting. The presumption was that at that time they were at home, where men usually stay. The defendant had the right to rebut this presumption, and if he had done so, the plaintiff would not have been entitled to have read his depositions, and as he did not choose to summon them, he must, in such case, have suffered the consequences. Neither the statute cited above, nor any other statute in force at the time the depositions were taken required the plaintiff to summon the witnesses in such cases. *Barnhardt* v. *Smith*, 86 N. C., 473.

The law is now otherwise. THE CODE, §1358, provides in cases like that before us, that the deposition may be taken, "if the witness *has been duly summoned*." It thus appears that the legislature deemed it wise and necessary to change the law as to this class of depositions. In numerous other classes provided for, it is not required by THE CODE that the witnesses whose depositions may be taken shall be under *subpœna* to attend the court.

The objection to the deposition, upon the ground that it was taken by a commissioner appointed at the instance of the defendant, came too late, if indeed, it had any force. The objection was to an irregularity that might be waived. It ought, therefore, to have been taken advantage of before the trial began. It could not be done afterwards. THE CODE, §1360, expressly provides that an irregularity in taking the deposition shall not be cause for quashing or rejecting it on motion first made after the trial has begun, if it shall appear that the party objecting had notice that it had been taken, and it was on file long enough before the trial to enable him to present his objection.

The defendant had notice of the taking of the deposition, for he was present and cross-examined the witnesses. This was a waiver of a formal notice. *Kea* v. *Robeson*, 4 Ired. Eq., 427; *Beaseley* v. *Downey*, 10 Ired., 284. The depositions were on file a sufficient time before the trial to enable the defendant to take his exception as allowed by statute. THE CODE, §1361;

*Carson* v. *Mills,* 69 N. C., 32; *Katzenstein* v. *Railroad,* 78 N. C., 286.

There is error. The judgment of nonsuit must be set aside, and the case proceeded with according to law. To this end, let this opinion be certified to the superior court of Chowan county. It is so ordered.

Error.                                           Reversed.