STATE OF NORTH CAROLINA on relation of J. A. DAVENPORT, Treasurer of Gaston County, v. G. W. McKEE et al.

*New Trial in Supreme Court—Evidence—Depositions—Abatement—Judgment—Penalty—Official Bonds—Interest.*

1. The jurisdiction of the Supreme Court to grant new trials is confined to those cases where the motion is based upon the discovery of new and material evidence, and does not extend to those cases where irregularities or misconduct of the parties or jurors is charged.

2. The record of settlements made by the persons authorized to audit the accounts of sheriffs and other county officers, under Ch. 177, Laws 1881, and Ch. 137, Laws 1887, is competent evidence against the sureties upon the official bond of such officer, and is *prima facie* evidence of the correctness of the statements therein made.

3. Where the adverse party had notice of the taking of a deposition long enough before the trial to allow him to file any objections, it will not, after the trial has commenced, be quashed for irregularity in the manner of taking.

4. If the relator in an action brought by the State upon an official bond dies or goes out of office the action does not abate.

5. It is not erroneous, in an action against the sureties upon several bonds of a public officer, to enter judgment against the defendants for the penalties of their respective bonds.

6. The penalty of $2,500 imposed upon sheriffs and tax collectors for failure to settle with the county treasurer does not bear interest.

(*Devereux* v. *Burgwyn*, 11 Ired., 490; *Katzenstein* v. *Railroad*, 78 N. C., 286; *Barnhardt* v. *Smith*, 86 N. C., 473; *Bridgers* v. *Bridgers*, 69 N. C., 451; *Sparrow* v. *Blount*, 90 N. C., 514; *Johnson* v. *Patterson*, 2 Hawks, 183, *Badger* v. *Daniel*, 79 N. C., 372; *State* v. *Voight*, 90 N. C., 741, and *State* v. *Starnes*, 94 N. C., 973, cited).

This action was begun in the county of Gaston and removed to CLEAVELAND, where it was tried before *McRae, Judge*, at Fall Term, 1887, of the Superior Court.

The defendant was sheriff of Gaston county for the term of two years, beginning on December 6th, 1880, and ending on the 4th day of the same month in 1882. During this period he gave three bonds, one of twelve thousand dollars on the day of his entering into office, a second on September 3d, 1881, of seventeen thousand dollars, the last on September, 23d, 1882, of thirteen thousand dollars, all payable to the State, and with a condition in each to account for and pay over the county taxes as required by law; and the other defendants are the sureties to one or other of said bonds. These are annexed to the complaint as exhibits, and form part of it. The relator, who, at the time of bringing the action on August 23d, 1883, was the county treasurer, alleges that an account and settlement was had on July 14th, 1883, between them of the county taxes of 1882, when it was found he was indebted in the sum of $2,216.14, and this he has refused to pay, whereby, in addition thereto, he has incurred the penalty of $2,500, imposed by the statute. By an amendment afterwards allowed, the sheriff is charged with interest, at the rate of two per cent. a month on all unpaid indebtedness.

Judgment is demanded for the penal sums of the several bonds against the sheriff and the sureties to them, respectively, to be discharged on payment of said sums of $2,216.14, the measure of his official delinquency in the payment of taxes due the county and the said penalty of $2,500 thereby incurred.

The defendants who were served with process, answering, deny that there was any accounting on July 14th, 1883, and say that the sum mentioned in the complaint as a debit is correct, but that the sheriff claimed a further credit of seventeen hundred dollars, for which he produced the relator's

receipt for moneys paid him, and which he refused to allow in the reduction of the sum so demanded, and the difference, to-wit, five hundred and sixteen dollars and fourteen cents is due, to the entering of judgment, for which, with interest since July 14th, 1883, no objection is made.

After many continuances, and the setting aside a verdict rendered for the defendants on a previous trial, the cause again came on to be tried at August term, 1887, as before, upon a single issue, as follows :

" Did the defendant, G. W. McKee, as sheriff of Gaston county, pay to the plaintiff, J. A. Davenport, treasurer of said county, seventeen hundred dollars as set forth in the answer, and is he entitled to credit therefor ?"

The jury responded " No."

Thereupon, after a motion for a new trial and then in arrest of judgment, made and denied, judgment was entered against the defendant, which, omitting the recital of the action of the jury, proceeds in these words: " It is now, on motion, adjudged that the plaintiff recover of the defendant, G. W. McKee, and the other sureties to the first bond seventeen thousand dollars, the penal sum mentioned in their bond, as set out in the complaint, and of the defendant, G. W. McKee, as principal, and the others, sureties, the sum of twelve thousand dollars, the penal sum mentioned in their bond, as set out in the complaint, and of the defendant, G. W. McKee, as principal, and the others, sureties, the sum of thirteen thousand dollars, the penal sum of their bond, as set out in the complaint; (separately designating by name the sureties to the respective bonds) all of which are to be discharged upon the payment to the plaintiff of the sum of $2,216.14 with interest on the same from the 14th day of July, 1883, at two per cent. per month and the further sum of $2,500, the penalty prescribed by law and demanded in the complaint, with interest thereon from the 14th day of July,

1883, until paid, together with the costs of this action, to be taxed by the clerk of this Court."

From the rulings upon the trial and from the final judgment the defendants appealed.

*Messrs. J. B. Batchelor, John Devereux, P. D. Walker* and *C. W. Tillett,* for the plaintiff.

*Messrs. R. W. Sandifer, W. P. Bynum* and *J. F. Hoke,* for the defendants.

SMITH, C. J., (after stating the case). Upon the hearing in this Court and preliminary to entering upon the merits, the defendant asked for a new trial upon evidence discovered since the transfer of the cause to this Court by the appeal, and when by the adjournment of the Superior Court it had passed out of its jurisdiction, so that no relief could there be obtained. The application is based upon the alleged misconduct of a juror in swearing that he had formed and expressed no opinion adverse to the defendants, when soon after the former trial, which the juror had heard, he declared that if he had been on the jury he would have hung it until doomsday, and would have rendered a verdict for the plaintiff, or words to that effect.

This is alleged by the defendant G. W. McKee, in his affidavit, made on information and belief, and the other affidavit was made upon a knowledge of what the juror said in reference to the previous trial, and it is to the effect that he was present at it, and if a juror he would have been in favor of the plaintiff; that the conduct of the sheriff in not bringing up the $1,700 receipt on the first settlement, showed fraud.

We should not be at liberty to act upon such *ex parte* evidence and vacate a judgment rendered without notice to the appellee, if any sufficient grounds had been given to warrant such action in a Court having a discretion in the matter, but we know of no precedent for such interference

upon the facts set out, if they were even stronger, for the only case in which a new trial will bé granted in this Court is the discovery of such new evidence as was proper to be heard by the jury, a Judge, or a referee, in passing upon and finding the facts, and not for irregularities occurring in the trial, and for which the Judge, in his discretion, may set aside the verdict or finding and re-open the case. And the circumstances must be stringent to annul what has been judicially done and deprive the successful party of the fruits of the adjudication. It is more than questionable whether the application, if made in the Superior Court before removal, would have been allowed, as there was a challenge to the juror made for favor, and upon it the Court decided the fact against the challenger, and it is therefore a case of *res adjudicata.* But however this may be, the application, as that made in *State* v. *Starnes,* 94 N. C., 973, has no support in the law and practice in this Court as a Court for the correction of errors, and is without any precedent in its support.

The allegations in the complaint are none of them controverted, except in so far as it denies and repudiates the alleged payment of $1,700 mentioned in the receipt, and this was the only matter in contention between the parties. The receipt was in this form :

" Received of George W. McKee, sheriff, ($1,700) seventeen hundred dollars of the general county fund for this year, 1882.

This, December 4th, 1882.		J. A. DAVENPORT,
*County Treasurer.*

Witness: R. W. QUERY."

In the progress of the trial one John F. Luper, the register of deeds of Gaston county, stated, in answer to an inquiry as to the amount of the tax-list put in the sheriff's hands in 1882, that, not including the school tax, the county tax was $6,041.20¾.

To ascertain the amount the witness read from·the book of official reports of the county the record of settlement which, he said, was made with the sheriff by the finance committee on March 15th, 1883.

The defendants' counsel objected, on the ground that this was not the best evidence, the tax-list being primary.

The defendant McKee being shown to have been present at the settlement, the evidence was received, and defendants excepted.

The evidence was competent, under the authority of the case of *State* v. *Voight*, 90 N. C., 741, and the record of such settlement is, by the express terms of the statute, made "*prima facie* evidence of their correctness, and impeachable only for fraud or special error." Acts of 1881, ch. 117, §46, and Acts of 1887, ch. 137, §132.

But if it were otherwise, the presence and concurring agency of the sheriff in making the settlement would render it competent against him and his sureties as well. *The Code*, §1345; *Badger* v. *Daniel*, 79 N. C., 372.

We do not interpret the case to be that the evidence lies in the oral statement by the witness of the contents of the record, but the record is before the Court, and, as such, is read for information.

Aside from this, we do not see the pertinency of the evidence to the matter in controversy, which is not as to the amount of county taxes due on the delivered list of 1882, but whether upon the admitted balance the sheriff shall have a further credit upon the receipt.

The next exception is to the admission of proof of a declaration made by the plaintiff to a witness under these circumstances: One Kiser, chairman of the board of county commissioners, testified that on January 3d, 1883, the plaintiff reported that he had received from the sheriff only $500 of the county fund; and further, that in the sheriff's absence the plaintiff was asked if this was all he had received,

and he answered that it was all received on the county fund. This latter declaration, made in the absence of McKee, was objected to, but the testimony was admitted as corroboration of the statement before made by the plaintiff in his examination as a witness without objection. The defendant excepted.

The testimony of confirmatory statement, as sustaining what the witness swears to on the trial, has been admitted to support his credit, when and however impeached, by a series of decisions which establish the law. The cases to this effect are numerous and the rulings uniform, from *Johnson* v. *Pattison*, 2 Hawks, 183, to the present time.

The defendants except also to the reading in evidence the deposition of one M. J. Nelson, taken at Danville, Virginia, then her place of residence, under a commission, on April 22d, 1885. The witness was shown to have been living in the county of Mecklenburg at the time of the Court next preceding the trial, from which place she had removed to Winston, a place more than seventy-five miles distant from the place of trial, and had been summoned on July 11th, 1887, to be present as a witness for the plaintiff.

Upon this evidence as to the residence of the witness being more than seventy-five miles distant, the deposition was received and read.

It was pressed with great earnestness in the argument for the appellants that it was not shown that the statutory requirements had been observed necessary to the admission of the deposition, and that this was an essential condition of its admissibility.

The witness had been summoned, and by the adjudication, he was more than seventy-five miles distant from the place of trial, and this latter is the only ruling upon the preliminary inquiry, and seems to have been the ground of objection to the competency of the deposition made by a resident of the State. The additional qualification of a service of a sum-

mons upon such a witness was not in the enactment when the case of *Sparrow* v. *Blount*, 90 N. C., 514, was decided, but is found in *The Code*, §1358, par. 9.

While the form of the objection is general, it immediately follows the ruling as to the distance, and a fair construction of the record would confine the exception to the reading of the deposition upon this particular point, for in case of other grounds, if alleged, the plaintiff may have been able to remove them also.

"Nor ought he, the Judge, to have rejected it (the evidence), although objected to by the defendant, unless the objection was put upon the proper ground." READE, J., in *Bridgers* v. *Bridgers*, 69 N. C., 451.

But a full answer to the alleged erroneous ruling is made in §§1360 and 1361 of *The Code*, the first of which declares that "no deposition shall be quashed or rejected on objection first made after trial began, because of an irregularity in taking the same, provided it shall appear that the party had notice that it had been taken and it was on file long enough before the trial to enable him to present his objections." The other section provides how, before the trial, the party may proceed to have the deposition rejected, and it is required that the exceptions shall be in writing. *Katzentein* v. *Railroad*, 78 N. C., 286; *Barnhardt* v. *Smith*, 86 N. C., 473.

It is no answer to the statute to say that it was not known to the appellants before the trial that the deposition would be read, and hence the course pointed out was not pursued. The evidence was taken in April, 1885, and the cause was tried more than two years afterwards. It was in the clerk's office, and was competent to be read, under the circumstances existing at the time, and therefore it was the neglect of the defendant that no steps were taken for the quashing or the rejection, when and in the manner it could alone be done, and thus put the evidence out of the way.

After verdict, there being no complaint of the instructions

given to the jury, the counsel for appellants insisted, and asked the Court so to adjudge, that the action had abated by reason of the going out of office of the treasurer, who brought the suit, and the induction of a successor in office while it was depending.

The action is brought by the State on bonds executed to it, and the relator is but an agent in seeking to recover the moneys due; and besides, a contingency of a transfer of interest pending a suit is provided for in §188 of *The Code,* which declares how a cause may be continued, except a suit for penalties and vindictive damages, in case of the death, marriage, or other disability of a party, and that "in case of any other transfer of interest the action shall be continued in the name of the original party, or the Court may allow the person to whom the transfer is made to be substituted in the action." The motion was properly refused.

The motion in arrest of judgment has no better ground to rest upon, nor the exception to the entering up of judgment, the only matter in dispute being disposed of by the verdict.

No error is assigned in the judgment, except that it includes the penalty. The bonds are liable under the statute for the amount of the delinquency and the two per cent. monthly interest and the penal sum demanded, and covering the same term of office, and with condition to account for and pay over the county taxes. The judgment was rendered as it should have been on each, leaving to the sureties the adjustment of their respective equities among themselves. But there is error in charging interest on the penalty, for as such it cannot be thus enlarged beyond its full amount. With this correction, the judgment below is affirmed. *Devereux* v. *Burgwin,* 11 Ired., 490.

                                   Modified and affirmed.