L. W. CARROLL et al. v. J. B. HODGES et. al.

*Deposition, Objection to, When Made.*

A deposition on file in the clerk's office two or three months before the trial, and opened by the clerk in presence of counsel of both parties, cannot be quashed on oral objection made at the trial. *The Code,* §1361.

CIVIL ACTION to recover land, tried at Fall Term, 1887, of WATAUGA Superior Court, before *Boykin, Judge.*

So much of the case stated on appeal as is necessary to a proper understanding of the opinion of the Court, is as follows:

" Upon the trial the defendants introduced the deposition of one David Simmons. The plaintiffs objected to the questions marked 6 and 7 and the answers thereto.

The Court, upon the admissions of the parties, found the following facts:

The deposition was filed in the cause in the Clerk's office in June, 1886. No objection thereto has been filed or entered by the plaintiffs. The attorneys of both parties were duly notified by the Clerk to appear on a day named, when the deposition would be opened and passed upon by him. Said attorneys appeared; the deposition opened and passed upon by him, and ordered to be read as evidence in the cause. There was no exception to the adjudication of the Clerk and no appeal by the plaintiffs. There was no notice in writing or otherwise filed or given by plaintiffs prior to the trial to suppress the deposition or parts thereof. Upon these facts the Court admitted the deposition and the plaintiffs excepted and appealed."

*Mr. J. F. Morphew*, for the plaintiff.
*Messrs Folk & Councill*, for the defendants.

MERRIMON, J. It is well settled that a deposition will not be quashed or rejected in whole or in part, on objection first made after a trial has begun, because of irregularity in taking the same, if the objecting party had notice and it appears that the deposition had been taken and was on file long enough before the trial to enable him to present his objection. *The Code*, §1360; *Carson* v. *Mills*, 69 N. C., 32; *Kerchner* v. *Reilly*, 72 N. C., 171; *Katzenstein* v. *Railroad Co.*, 78 N. C., 286; *Wasson* v. *Linster*, 83 N. C., 575.

Here the deposition must have been on file two or three

months before the trial, the appellants made no objection to it, their counsel had notice, were present when it was opened by the Clerk and ordered by him to be read in evidence on the trial, and they made no objection to it then or at any time before the trial.

It seems that the objection may have been to the competency of the questions and answers to them designated. Granting that they were incompetent, objection should have been made before the Judge or Clerk of the Court and before the trial, and as there was fair and just opportunity afforded the appellant to make objection and he did not, it must be taken that he waived his right to object on any account, except as to the competency of the witness. ·The statute, (*The Code*, § 1361), provides that any party to an action or proceeding may at any time before the trial or hearing "make a motion to the Judge or Court to reject a deposition for irregularity in the taking of it, either in whole or in part, for scandal, impertinence, *the incompetency of the testimony*, for insufficient notice, or for any other good cause. The objecting party shall state his exceptions in writing," the purpose being to settle the depositions as evidence before the trial or hearing, and thus prevent surprise, misapprehension, confusion and delay on the trial. Such provision is expedient, convenient, and not at all unjust. Fair opportunity is afforded every litigant to make objection to the deposition in every aspect of it, not in the hurry of a trial or hearing, but upon deliberation and scrutiny. Unless such objection is made in apt time the statute makes the deposition evidence, and provides, (*The Code*, § 1357), among other things, that "all such depositions, when passed upon and allowed by the Clerk, without appeal, or by the Judge upon appeal from the Clerk's order, shall be deemed legal evidence, if the witness be competent."

It will be observed that such objections are required to be put in writing, and any error in the rulings of the Judge in

respect to the deposition, in any view of it, may be corrected upon appeal to this Court, just as erroneous rulings in respect to other questions arising in the course of the trial may be. For this purpose the rulings in respect to the exceptions and the exceptions themselves pass into and become a part of the record. Thus the party excepting will have opportunity to have such errors corrected.

No error in other respects is assigned in the record, and we are not at liberty to consider other questions that might possibly have been presented. It is well settled that error must be assigned in the record, else it cannot be considered and corrected here. Judgment affirmed.

No error.                                        Affirmed.