SAME CASE—PLAINTIFFS' APPEAL.

1. **Administrator's Bond—Sureties—Interest.**—Under Revisal, sec. 1954, interest cannot be charged sureties on the penalty of an administrator's bond.

2. **Assignment of Interest in Suit—Attorney of Adverse Party of Record.**—Certain parties to a suit cannot be heard to attack the assignment of other parties to the suit of their interest therein to an attorney of record of the opposing parties, when it does not appear that their interests are in any way affected.

BROWN, J. This is the plaintiffs' appeal in the cause above entitled and disposed of at this term. The opinion of the Court in the defendants' appeal is referred to for the facts of the case.

The plaintiffs except and appeal:

1. Because the Court below refused to charge the defendant the Fidelity and Guaranty Company with interest on the $30,000 penalty of the administration bond from 7 January, 1902, the date of the original summons in this action. We have touched briefly on this matter in considering the defendants' appeal, and held that the Superior Court properly allowed interest on the $30,000 from the date of the rendition of the judgment against the surety, not because interest is ever allowable upon a mere penal obligation, but because when judgment is rendered for the full amount of the penalty, as in this case, the penalty becomes merged in

the judgment and the latter bears interest from the date it is rendered. If the judgment had been given, as is frequently the case, for the full sum of the bond, to be discharged upon the payment of a smaller sum, the latter would bear interest from the date of the judgment, and there would be no interest accruing on the penalty. The plaintiffs, however, contend that the penal obligation itself bears interest from date of summons, at least, if not from date of the first defalcation. The learned counsel for plaintiffs cite authorities from other States for the purpose of sustaining their contention. We think the law is held otherwise in this State. The statute law of North Carolina expressly excepts "money due on penal bonds" from the list of interest-bearing contracts. Revisal, sec. 1954. It has been expressly held by this Court that penal obligations do not bear interest, the Court saying: "But there is error in charging interest on the penalty, for as such it cannot be enlarged beyond its full amount." *Davenport v. McKee,* 98 N. C., 508. "Stipulated damages" are likened somewhat to penal obligations, and therefore this Court has held that "the party who sues to recover the stipulated damages is not entitled to claim interest, even from the date of his writ." *Devereux v. Burgwyn,* 33 N. C., 490. The penal sum in official bonds is intended to fix the ultimate liability of the sureties, beyond which it cannot be increased. To permit it to bear interest would be to increase the hazard beyond their contract and the sum "nominated in the bond." We think his Honor was correct in declining to sign the judgment tendered by plaintiffs.

2. It is contended by plaintiffs that the Superior Court erred: "For that his Honor signed the judgment giving to A. C. Davis the recovery of W. M. Peden and Howard Peden, two of the ditributees, out of the defendant the

United States Fidelity and Guaranty Company, when the record shows that said A. C. Davis is attorney for said company." It appears that, pending this suit, Davis purchased from W. M. Peden and Howard Peden their distributive shares in W. N. Peden's estate, paid them therefor a price satisfactory to themselves and took a formal legal assignment of their entire interests. Davis moved before the referees to be permitted to come in and be made a party to the action. This was refused by the referees and allowed by his Honor in the Superior Court. While such proceeding may be regarded as unusual upon the part of an attorney of record, yet we see in it nothing of which the plaintiffs, appellants, can justly complain. They are not entitled to any part of the distributive shares of W. M. and Howard Peden, and their own shares are not in the least diminished by such assignments. If the two Pedens chose to sell their distributive shares to the defendant company's attorney for "cash in hand" rather than await the rather doubtful result of a lawsuit, we cannot see that it is any of appellants' concern. Davis was not the attorney for the Pedens, nor did he hold any relation of trust or confidence to them which legally forbade such purchase, so far as the record discloses. We do not think, and it is not even suggested, that upon settlement Davis expects to charge his client for such distributive shares any greater sum than he actually paid for the same. Doubtless, in making the purchase, he thought he was acting in the interest of his clients. Should he attempt to collect from his own clients more than he paid (an altogether unlikely supposition), they have their remedy. It appears that W. M. Peden was a plaintiff in the action and represented, in common with other plaintiffs, by counsel of record, and it is contended that, therefore, Davis could not properly acquire W. M. Peden's interest pending the suit. Such con-

---

MOSELEY *v.* JOHNSON.

---

duct may raise a question of "professional etiquette," over which we have no jurisdiction, but we fail to see how it invalidates the legality of the assignment.

Plaintiffs, appellants, will be taxed with the costs of their appeal.

Affirmed.