Argued January 20, affirmed February 3, 1925.

# A. TANOUS *v.* EDITH L. JOHNSTON ET AL.

### (232 Pac. 793.)

**Fraudulent Conveyances — Complaint not Alleging Insolvency of Attachment Defendant Held Sufficient to State Cause of Suit to Set Aside Conveyances.**

1. Complaint in usual form of creditor's suit, alleging lien on realty by virtue of writ of attachment and containing necessary allegations to invoke equitable jurisdiction, *held* sufficient to state cause of suit to set aside fraudulent conveyances and subject property to lien of attachment, although failing to allege insolvency of attachment defendant.

**Equity—Mere Institution of Suit Does not Relieve One from Charge of Laches.**

2. Mere institution of suit does not relieve one from charge of laches, consequences of failure to prosecute suit diligently being same as if no suit was brought.

**Appeal and Error—Laches not Pleaded in Answer nor Raised in Lower Court not Considered.**

3. Defense of laches, not pleaded in answer nor raised in lower court, need not be considered on appeal.

**Depositions—Motion to Suppress Depositions at Time of Trial Too Late.**

4. Under Section 407, Or. L., motion at time of trial to suppress depositions is too late, where no objections were made to witnesses' competency or relevancy of their testimony nor any written exceptions filed within ten days from close of testimony.

**Depositions—Depositions of Absent or Nonresident Witnesses Cannot be Taken in Equity Suit.**

5. Testimony of witnesses, who cannot be found within or reside out of state, cannot be taken by depositions in suit in equity.

**Depositions—Defendant Appearing Personally and by Counsel and Cross-examining Witnesses Waives Objection to Manner of Taking Depositions.**

6. Defendant appearing personally and by counsel and cross-examining witnesses at time of taking depositions waives any objection to manner and method of taking testimony.

---

1. See 12 R. C. L. 660.
2. See 10 R. C. L. 405.
3. See 10 R. C. L. 407.
4. See 4 R. C. L. 1157, 1161.
6. See 8 R. C. L. 1158.

Appeal and Error—Improperly Suppressed Depositions, Made Part of Record, Considered on Appeal.

7. Improperly suppressed depositions, made part of record over trial court's ruling, will be considered by Supreme Court in reaching conclusion on merits.

---

See (1) 27 **C. J.** 771 (1926 Anno.).    (2) 21 **C. J.** 215.    (3) 3 **C. J.** 710.    (4) 18 **C. J.** 755.    (5) 18 **C. J.** 611 (1926 Anno.).    (6) 18 **C. J.** 755, 762.

From Coos: JOHN S COKE, Judge.

Department 2.

On May 8, 1913, in the Circuit Court of Coos County the plaintiff commenced an action at law against Edith L. Johnston to recover approximately the sum of $2,700 alleged to be due from her on certain accounts assigned to him by her creditors for collection. On the same day a writ of attachment was issued in the action and 160 acres of timber land was levied upon as the property of the defendant in the writ. The present suit was instituted to set aside as fraudulent and in hindrance of creditors certain conveyances of that property and to subject it to the lien of the attachment. Service of summons was not obtained on Edith L. Johnston, and Charles F. Johnston is the only defendant who has made an appearance. Defendants Osmond and Sandberg are in default.

It is the theory of plaintiff that the defendants entered into a conspiracy to cheat and defraud the creditors of Edith L. Johnston. Deeds received in evidence purport to show that Edith L. Johnston, on January 26, 1912, for a consideration of $10,000, conveyed the property in dispute to Peter Osmund, and that the instrument of conveyance was recorded on February 6, 1912; that Peter Osmond, on January

---

7. See 8 **R. C. L.** 1161.

29, 1912, for a consideration of $10,250, made a conveyance of said property to M. E. Sandberg, and that said deed was recorded September 11, 1912; that M. E. Sandberg, on August 29, 1912, for a consideration of $10,500, conveyed the property in controversy to the defendant Charles F. Johnston, and that said instrument was recorded August 23, 1913. Plaintiff asserts that Charles F. Johnston was a man of very limited capital, as shown by his general demeanor in the community in which he lived and the fact that many small bank checks issued by him were returned to various persons marked "insufficient funds," and that it was impossible for him to have negotiated a business deal involving the sum of $10,000; that Peter Osmond was Johnston's partner in the real estate business and the deed made by his (Johnston's) sister Edith to Osmond was without consideration and for the purpose of perpetrating a fraud upon her creditors; that Osmond, without consideration and for the purposes above stated, conveyed the property to Johnston's half sister, M. E. Sandberg, and that she, pursuant to the same fraudulent scheme and plan, deeded the property, without consideration, to the answering defendant herein.

The defendant Charles F. Johnston in his answer denies the fraud as charged in the complaint, and alleges affirmatively that he is a purchaser of said real property in good faith and for a valuable consideration. He alleges:

"That on or about the 22nd day of December, 1911, the defendant, Peter Osmond, took and obtained an option to buy said real property from defendant, Edith L. Johnston, and such option was complied with on the part of them both, so that on January 26th, 1912, said Edith L. Johnston made and delivered to said Osmond a warranty deed of said real property,

and for same said Osmond paid in good faith a valuable consideration, to-wit, $10,000.

"That such purchase was made by said Osmond for full value and in good faith, without any notice or knowledge of any intent on the part of Edith L. Johnston to wrong any creditor. * *

"That thereafter said Osmond sold and conveyed by warranty deed the said real property to M. E. Sandberg, which said deed was delivered and dated January 29th, 1912. * *

"That this purchase and sale was made in good faith as to both said Osmond and Sandberg, for full value, and the full consideration expressed in such deed actually paid to said Osmond, to-wit, $10,250.

"That thereafter and on the 29th day of August, 1912, this answering defendant bought said real property from said Sandberg, and there was executed and delivered to him a warranty deed. * *

"That such deed to this answering defendant was obtained by him in good faith and for full value, and he actually paid therefor the sum of $10,500 as is expressed in the said deed."

The defendant herein then alleges that he is the owner in fee of said real property, and that Edith L. Johnston has no right, title, or interest in the same. In the trial, however, the said defendant claimed, in brief, that in December, 1921, an accounting and settlement was had between him and his sister, Edith L. Johnston, wherein it was found she was indebted to him in the sum of $13,500; that to secure this indebtedness she executed and delivered to him a mortgage in the sum of $10,000 on the land in question and a mortgage in the sum of $3,500 on land in North Dakota not involved herein; that in consideration of the satisfaction of these mortgages Edith L. Johnston, at his request, conveyed said real property to Peter Osmond to be held in trust for him; that Peter Osmond was directed to and did make a con-

veyance to his (Johnston's) half-sister, M. E. Sandberg, as security for certain indebtedness, and that subsequently, when he (Johnston) had paid the amount due her, she deeded said property to him.

The affirmative allegations in the answer were denied by the reply. The trial court found that the defendants had entered into a conspiracy to cheat and defraud the creditors of Edith L. Johnston and decreed that said conveyances should be set aside as fraudulent and void and that the property attempted to be conveyed should be subjected to the lien of plaintiff's writ of attachment. From that decree the defendant Charles F. Johnston appeals.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. W. T. Stoll.*

For respondent there was a brief over the name of *Mr. A. J. Sherwood* with an oral argument by *Mr. L. A. Liljeqvist.*

BELT, J.—1. Defendant asserts that the complaint fails to state facts sufficient to constitute a cause of suit in that it fails to allege the insolvency of Edith L. Johnston. This contention is untenable. Plaintiff has alleged and proved that a lien on the real property in question was obtained by virtue of a writ of attachment. The complaint is in the usual form of a creditor's suit and contains the necessary allegations to invoke equitable jurisdiction: *Ryckman* v. *Manerud*, 68 Or. 357 (136 Pac. 826, Ann. Cas. 1918C, 522); *Matlock* v. *Babb*, 31 Or. 523 (49 Pac. 873); *Dawson* v. *Sims*, 14 Or. 561 (13 Pac. 506); 5 Pom. Eq. Juris. (2 ed.), § 2310.

2, 3. It is contended that plaintiff is guilty of laches and negligence in the prosecution of this suit, since it was about nine years after the case was at issue on the pleadings before the same was brought to trial. We are not unmindful of the rule that the mere institution of a suit does not of itself relieve a person from the charge of laches. If a party fails to prosecute his suit diligently, the consequences are the same as though no suit had been brought: 21 Corpus Juris, p. 215. The defense of laches was not pleaded by defendant in the answer nor did he raise the question in the lower court. Under such circumstances it is not necessary to consider the question here. In referring to the defenses of laches and the statute of limitations our court in *Baillie* v. *Columbia Gold Mining Company,* 86 Or. 39 (167 Pac. 1167), said:

"These defenses can be waived and they are deemed waived unless asserted by the litigant entitled to assert them."

In 3 Corpus Juris, page 710, it is said:

"Defendant cannot for the first time on appeal urge the laches of complainant in bringing or prosecuting the suit."

In 10 R. C. L., page 408, the rule is thus stated:

"The object of pleading laches is to afford the complainant an opportunity to amend, and consequently if the defendant fails to set up that defense it is generally held that he cannot insist on it on the hearing. *A fortiori,* laches, to be available as a defense, should be set up in the trial court."

4. The lower court, on objection made by defendant, rejected all of the depositions of the plaintiff offered in evidence for the reason that the witnesses making them resided out of the state, and in doing

so relied on the case of *Craig* v. *Crystal Realty Company,* 89 Or. 25 (173 Pac. 322). Section 407, Or. L., provides:

"Upon the trial either party may object to the reading of a deposition or any part thereof, when offered by the other, because the witness is incompetent, or the testimony is so, or irrelevant, and not otherwise. All other objections to depositions shall be taken by written exceptions filed with the clerk within ten days from the closing of the testimony, and before the first day of the term next following thereto, and may be heard and decided by the court or judge thereof at any time thereafter before the trial of the suit."

5, 6. No objections were made to the competency of the witnesses or the relevancy of their testimony and no written exceptions were filed with the clerk within ten days from the closing of the testimony, in accordance with the provisions of the above statute. The motion to suppress the depositions at the time of the trial came too late. The testimony of witnesses who cannot be found within or who reside out of the state cannot, under our statute, be taken by depositions in a suit in equity; but in the instant case defendant appeared by counsel and in his own proper person at the time of the taking of these depositions and cross-examined the witnesses. He thereby waived any objection he may have had to the manner and method of taking this testimony. In commenting upon a statute similar to ours with reference to depositions the Supreme Court of North Carolina in *Carroll* v. *Hodges,* 98 N. C. 418 (4 S. E. 199), said:

"The purpose is to settle the depositions as evidence before the trial or hearing, and thus prevent surprise, misapprehension, confusion, and delay on

trial. This provision is expedient, convenient, and not at all unjust. Fair opportunity is afforded every litigant to make objection to the deposition in every aspect· of it, not in the hurry of the trial or hearing, but upon deliberation and scrutiny. Unless such objection is made in apt time, the statute makes the deposition evidence.''

7. The record in *De Bow* v. *Wollenberg,* 52 Or. 416 (96 Pac. 536, 97 Pac. 717), discloses that a motion was made to suppress the deposition of a witness which was taken out of the state, for the reason that our statute did not authorize the taking of such depositions in suits in equity. The court held that such objection was not made within the time required by statute, and the deposition was received in evidence. *De Bow* v. *Wollenberg, supra,* is in conflict with *Craig* v. *Crystal Realty Company, supra;* but we believe, after careful consideration, that it is in keeping with the purpose and spirit of our statute, and is, therefore, accepted as controlling here. The motion to suppress the depositions of plaintiff's witnesses ought to have been denied, and since the same were made part of the record herein over the ruling of the trial court, we will give them due consideration in reaching our conclusion as to the merits of this controversy.

We are satisfied it has been established by clear and convincing evidence, in keeping with the findings of the trial court, that the defendants wrongfully and fraudulently entered into a conspiracy to cheat and defraud the creditors of Edith L. Johnston as alleged in the complaint. The transaction of these defendant relatives whereby they undertook to beat said creditors reeks with fraud from beginning to end. A long recital of the facts upon which we base this conclusion would serve no good purpose to the

legal profession and the writer prefers not to en-
cumber the reports.

The decree of the Circuit Court in declaring the
conveyances in question fraudulent and void and
subjecting the real property involved to the lien of
the writ of attachment obtained by plaintiff is af-
firmed.                                           AFFIRMED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.