Argued at Pendleton October 27, affirmed November 30, 1926.

# UNITED STATES NATIONAL BANK *v.* J. GUY MILLER ET AL.

(250 Pac. 1098.)

**Depositions—Order Shortening Time Made Without Notice, and Rescinded Same Day, Conferred No Authority for Taking Depositions and They Were Properly Excluded.**

1. Where order shortening time for taking deposition was made without notice to defendants, and was rescinded on same day, there was no authority for taking depositions, and refusal to admit in evidence depositions taken without presence of defendant was proper.

**Depositions—Objection to Use of Deposition as Evidence at First Opportunity Held Equivalent to Motion to Suppress (§§ 407, 851, Or. L.).**

2. Where deposition was taken day before trial without opportunity to file written exceptions, as required by Sections 407 and 851, Or. L., objection to use of deposition as evidence at first opportunity was equivalent to motion to suppress.

**Appeal and Error—Admission of Immaterial Conversation Concerning Price of Sheep Claimed to have Been Transferred in Satisfaction of Note Sued on Held not Prejudicial Error.**

3. In action on promissory note, admission of conversation of witness with plaintiff's cashier as to sale price of sheep claimed by

1.   See 8 R. C. L. 1152.
2.   See 8 R. C. L. 1157.

defendant to have been delivered to plaintiff in full payment of note, though inadmissible as immaterial, was not prejudicial error.

**Bills and Notes—Evidence of Value of Grazing Permit, Claimed to have Been Accepted With Live Stock in Full Payment of Note Sued on, Held Properly Admitted Under Plea of Payment.**

4. In suit on note claimed to have been fully satisfied by acceptance of live stock and grazing permit, evidence of value of permit was admissible as showing reasonableness of plea of payment.

**Bills and Notes—Evidence of Note to Show Acceptance by Plaintiff of Sheep in Full Payment of Note Sued on Held Properly Admitted.**

5. In action on note claimed to have been fully satisfied by acceptance of live stock and grazing permit, evidence of another note to show plaintiff had taken over sheep by paying all expenses after delivery *held* properly admitted to support plea of payment.

**Appeal and Error — Redirect Examination of Collateral Matter, Brought Out by Plaintiff on Cross-examination, cannot be Complained of by Plaintiff.**

6. Plaintiff bringing out collateral issue on cross-examination cannot complain, because defendants on redirect examination requested further explanation of same matter.

**Appeal and Error—Assignment of Error, not Pressed on Appeal, is Deemed Abandoned.**

7. Assignment of error, not pressed in brief or oral argument on appeal, is deemed abandoned.

**Trial—Instruction Requiring Finding from Preponderance of Evidence That Defendants Complied With Agreement, Held not Objectionable as Stating Defendants had so Complied.**

8. Instruction, in suit on note, to find for defendant, if jury found from preponderance of evidence that defendants complied with their agreement, *held* not objectionable as instructing jury that defendants had complied with agreement.

**Trial—Omission from Instruction of Part of Consideration Turned Over in Payment of Note Held not Reversible Error, Where Same Instruction Previously Set Out Full Consideration Necessary.**

9. Instruction to find for defendant, in suit on note, if defendant complied with agreement to turn over livestock and reserve allotment to plaintiff for note, and "turned over live stock," *held* not objectionable as omitting "words and allotment" from last clause.

**Bills and Notes—Instruction That It was Immaterial Whether Number of Sheep Delivered in Payment of Note was Same as Number Mentioned in Mortgage Securing Note Held Proper.**

10. In suit on note, instruction that it was immaterial whether number of sheep delivered in payment of note was same as number

6. See 28 R. C. L. 597.
7. See 2 R. C. L. 178.

originally included in mortgage given to secure note, if agreement to accept them in payment was made in reference to the then existing number of sheep, *held* proper.

**Trial—Refusal of Instruction Covered by Instructions Given Held Proper.**

11. Requested instruction, substantially covered by instructions given, *held* properly refused.

**Bills and Notes—Question Whether Note was Paid by Delivery of Specific Property Held for Jury Under Conflicting Evidence.**

12. In suit on note, question of payment by delivery of specific property under conflicting evidence, was one of fact for the jury.

---

Appeal and Error, 3 **C. J.**, p. 1410, n. 42; 4 **C. J.**, p. 858, n. 3, p. 969, n. 56, p. 1032, n. 36, p. 1068, n. 22.
Bills and Notes, 8 **C. J.**, p. 1081, n. 90.
Depositions, 18 **C. J.**, p. 756, n. 62, p. 758, n. 83.
Evidence, 22 **C. J.**, p. 167, n. 11.
Judgments, 34 **C. J.**, p. 207, n. 5.
Trial, 38 **Cyc.**, p. 1653, n. 11 New, p. 1711, n. 19, p. 1778, n. 73, p. 1779, n. 75.
Witnesses, 40 **Cyc.**, p. 2522, n. 12, p. 2528, n. 33.

From Union: J. W. KNOWLES, Judge.

In Banc.

The plaintiff sued the defendant on a promissory note for the sum of $11,154.11, alleging payments reducing the amount for which judgment was demanded to the sum of $4,284.28. The defendants answered admitting the execution of the note but denying all the other allegations of the complaint, and for a separate defense pleaded payment by delivering to the plaintiff certain live stock which it is alleged was tendered to the plaintiff by the defendants and accepted by it in full satisfaction of the note. The plaintiff held a chattel mortgage against the livestock to secure the payment of said note, and the payments alleged to have been made thereon by the plaintiff were the proceeds of the sale of said livestock by the plaintiff under its chattel mortgage,

---

11. See 14 **R. C. L.** 752.

with the exception of $100 which the defendants admit to have been paid. The reply simply denies the defense of full payment. The case was set for trial on the tenth day of February, 1926. On the sixth day of February, 1926, plaintiff secured an order of the court shortening the time to take the deposition of William Pollman who was then sick and in Portland. The sixth day of February was on Saturday. The notice to take the deposition with the order shortening the time was served on the defendants on that day. The deposition according to the notice was to be taken on the following Tuesday in Portland about 300 miles from La Grande. On the sixth day of February when the attention of the court was called to the shortness of the time for taking the deposition after notice so served, it rescinded the order. The deposition was taken without any appearance on the part of defendants, and when it was offered it was objected to on the ground that there was no authority for taking the deposition on the day it was taken which objection was sustained. This ruling of the court is assigned as error by the plaintiff. The other assignments of error are the rulings of the court in the admission of testimony, the giving of certain instructions and the refusal to give a requested instruction.          AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. George T. Cochran.*

For respondents there was a brief over the name of *Messrs. Ringo & Wright* and *Mr. J. S. Hodgin,* with an oral argument by *Mr. Hodgin.*

COSHOW, J.—1. The ruling of the court refusing to admit the deposition must be sustained. The or-

der shortening the time was made on the sixth day without any notice to the defendants and was rescinded on the same day. There was, therefore, no authority for taking the deposition at the time it was taken.

"It is within the inherent power of Circuit Courts of this state, in any proper case, at any time during the term to modify or amend, set aside or vacate any order, judgment or decree made by said court during said term." *Hudelson* v. *Sanders-Swafford Co.,* 111 Or. 600, 606 (227 Pac. 310).

*Estate of Gerhardus,* 116 Or. 113, 116 (239 Pac. 829).

2. The authorities cited by plaintiff to the effect that objection to the deposition should have been taken by motion to suppress are not applicable: Sections 407 and 851, Or. L.; *Foster* v. *Henderson,* 29 Or. 210, 215 (45 Pac. 899); *Tanous* v. *Johnston et al.,* 113 Or. 343, 349 (232 Pac. 793). Said Section 407, Or. L., is in part as follows:

"All other objections to depositions shall be taken by written exceptions filed with the clerk within ten days from the closing of the testimony, and before the first day of the term next following thereto, * * ."

In the instant case there was no opportunity for the defendants to have filed written exceptions within 10 days of the closing of the testimony or before the first day of the next term of court. The depositions were taken in Portland, 300 miles from the place where the trial was held the next day. The defendants availed themselves of the first opportunity to except to the use of the deposition as evidence in the case. The objection was equivalent to a motion to suppress.

3. The plaintiff complains of the ruling of the court admitting the testimony of Guy Miller, one of the

defendants, regarding a conversation he had with Mr. Scroggin, cashier of the plaintiff, some time before the sheep were taken over by the plaintiff. This testimony was immaterial and should have been rejected. Similar testimony, however, was given by the defendant D. W. Miller without objection. In our opinion the testimony was harmless and could not have prejudiced the plaintiff. The testimony was, in effect, that Guy Miller had an offer at a certain price for the sheep and asked the cashier for the plaintiff's permission to sell at that price. That permission was refused. The defendants' plea is that the sheep, other live stock and the permit to graze in Whitman National Forest were delivered to and accepted by the plaintiff in full payment and satisfaction of the note with the promise that when the sheep were delivered at the National Forest their note and mortgage would be canceled and delivered to them. The conversation objected to was not connected with the transaction depended upon by defendants to defeat plaintiff's cause of action. That conversation was not connected in any way with the transfer of the live stock. It was immaterial but not prejudicial. We hold that admission of the evidence was not reversible error.

4. The defendants were permitted to testify as to the reasonable value of the grazing permit in the National Forest. It is argued that the permit was not assigned. The evidence shows, however, beyond dispute that the sheep were taken to the National Forest by the cashier of the plaintiff and that the defendant Guy Miller assisted in taking the sheep there at the request of said Scroggin. They were kept in the National Forest until sold by the plaintiff. It was not necessary for the defendants to prove the value of the permit since the livestock

and their grazing permit were, according to defendants' answer and testimony, accepted in lump in full satisfaction of the note sued upon. The testimony, however, was pertinent in this that it tended to show the reasonableness of defendants' plea of payment. It tended to show the value of the property delivered to and accepted by plaintiff in full payment according to the answer. It is alleged in the affirmative answer that the live stock and allotment for grazing were delivered in full payment of said note and mortgage. The defendants were permitted without objection to testify regarding the market value of the sheep at the time they were delivered to plaintiff. The value of the allotment is the same kind of testimony and was admissible.

5. The plaintiff also complains because another note for $100 was admitted in evidence over its objection. The note was introduced in evidence for the purpose of showing that the plaintiff had taken over the sheep and was caring for them by paying all the expenses after they were delivered to the plaintiff. It was competent for that purpose and tended to support the defense of the defendants.

6. Plaintiff also complains because defendant D. W. Miller was permitted to answer the following question on redirect examination:

"State how many times he talked to you trying to induce you to take over those sheep, the Wade sheep, if any at all?"

This question was propounded to further explain certain other transactions occurring on the part of the plaintiff on the one part and the defendants on the other part brought out on cross-examination. It would not have been competent on direct examination. It was collateral to the main issue. The plain-

tiff having, however, gone into the matter on cross-examination cannot be heard to complain because defendants on redirect examination requested further explanation of the same matter.

7. The next assignment is in regard to the instruction designated as assignment No. 7 and is not well taken. It was not pressed in either the brief or oral argument and is deemed abandoned.

8. The court also instructed the jury as follows:

"I instruct you, gentlemen of the jury, that if you find from the preponderance of the evidence, that the defendants, on or about the 25th day of June, 1925, agreed with the plaintiff to turn over the property secured by the chattel mortgage, consisting of sheep, cattle and horses, and the reserve allotment, for their note so secured, and *in compliance with such agreement and the defendants complied with such agreement,* and turned over the live stock so mortgaged, then their obligation to plaintiff is cancelled, and it was the duty of plaintiff to deliver up the defendants' note to them, and it is your duty to find for the defendants."

The plaintiff insists that the words "the defendants complied with such agreement" in the above instruction in effect told the jury the defendants had complied with their agreement which was the matter in dispute. We do not think the instruction is open to that construction. We think that that language is covered by the phrase "that if you find from the preponderance of the evidence that the defendants complied with such an agreement."

9. Plaintiff also alleges error because the words "and allotment" were omitted from the phrase "and turned over the live stock so mortgaged." But we believe the jury understood from the instruction that the allotment was a part of the consideration relied

119 Or.—44

upon by defendants. The instruction contained in the same sentence this language, "agreed with the plaintiff to turn over the property secured by the chattel mortgage, consisting of sheep, cattle and horses, and the *reserve allotment*." We do not believe the omission is reversible error.

10. Plaintiff also predicates error because the court gave the following instruction:

"I instruct you that it is immaterial whether there was at the time of the alleged delivery of the sheep to the plaintiff, provided you find there was a delivery and an agreement to deliver the live stock for the mortgage debt, the same number of sheep which were originally included in the mortgage given, if you find that such agreement was made with reference to the then existing number of sheep at the time of the agreement."

This instruction correctly states the law applicable to the issue joined by the pleading. It follows closely the allegations in the affirmative answer.

11, 12. The last assignment is the refusal of the court to give a requested instruction. It would be of no value to anyone to set out the requested instruction in full. It is very long and we believe it is covered substantially by the instructions given. The instructions as a whole are fair to the plaintiff and correctly state the law. Under the pleadings the simple question was, did the parties agree that the property of the defendants under chattel mortgage and the allotment were taken by the plaintiff in full payment of the note sued upon and in full satisfaction of the mortgage? The plaintiff had not relied upon any chattel mortgage in its complaint but sued upon the note alone. The defense in effect was simply payment of the note, not in money but by delivering to the plaintiff specified property. The

evidence was contradictory.  The question then resolved itself merely into one of fact.  The issue was submitted to the jury under proper instructions and the judgment must be affirmed.          AFFIRMED.

RAND, J., absent.